# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JOHNNY RAY TAYLOR, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:23-cv-1218-AMM-JHE |
| WARDEN JOSEPH H. HEADLEY, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Petitioner Johnny Ray Taylor, Jr. filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 murder conviction in the Circuit Court of Talladega County, Alabama. Doc. 1 at 1. On October 10, 2023, the magistrate judge entered a report recommending dismissal of the petition based on the court's lack of jurisdiction. Doc. 8. Specifically, the magistrate concluded that under 28 U.S.C. § 2244(b)(3)(A), the court's denial of Mr. Taylor's claim in his prior federal habeas petition deprives the court of jurisdiction to consider Mr. Taylor's second or successive petition absent authorization from the United States Court of Appeals for the Eleventh Circuit.[1] Doc. 8. Mr. Taylor has filed timely objections. Doc. 9.

---

[1] *See Taylor v. Mosley*, No. 1:07-cv-01152-LSC (N.D. Ala. July 7, 2010), Docs. 30, 31.

Mr. Taylor acknowledges that he filed a federal habeas petition under 28 U.S.C. § 2254 in 2007, but contends the petition asserted a speedy trial claim and did not attack his 2005 murder conviction or sentence. Doc. 9 at 1, 3. But Mr. Taylor's 2007 federal habeas petition did challenge his 2005 murder conviction. *See* Pet., *Taylor v. Mosley*, No. 1:07-cv-01152-LSC (N.D. Ala. June 19, 2007), Doc. 1 at 2. Additionally, Mr. Taylor filed the 2007 petition after the conclusion of his direct appeal and therefore could have included the claims he seeks to bring now. *See Taylor v. Mosley*, No. 1:07-cv-01152-LSC, Docs. 5-2 to 5-7. If Mr. Taylor wishes to bring another petition in this court, he must first obtain authorization from the Eleventh Circuit. 28 U.S.C. § 2244(b)(3)(A). Without prior authorization from the Eleventh Circuit, this court does not have jurisdiction to hear Mr. Taylor's petition.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the petition for a writ of habeas corpus, Doc. 1, is due to be dismissed based on the court's lack of jurisdiction under 28 U.S.C. § 2244(b)(3)(A). Because this matter will be dismissed as successive, a ruling on a certificate of appealability is not required. *Osbourne v. Sec'y, Fla. Dep't of Corrs.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020).

A Final Order will be entered.

**DONE** and **ORDERED** this 25th day of October, 2023.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE